Case 2:24-cv-00257   Document 16   Filed on 03/28/25 in TXSD   Page 1 of 3

United States District Court
Southern District of Texas
**ENTERED**
March 28, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| ROBERT NICHOLAS SIMMONS, II, § § Plaintiff, § V. § IRMA M. SANJINES, *et al.*, § § Defendants. § § § | CIVIL ACTION NO. 2:24-CV-00257 |

## ORDER ADOPTING MEMORANDUM AND RECOMMENDATION

Before the Court is Magistrate Judge Jason Libby's Memorandum and Recommendation ("M&R"). (D.E. 11). The M&R recommends that the Court dismiss Plaintiff's claims with prejudice as frivolous and/or for failure to state a claim. *Id.* at 1. Plaintiff has filed written objections to the M&R. (D.E. 14).

When a party objects to the findings and recommendations of a magistrate judge, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). A party must point out with particularity any alleged errors in the M&R's analysis. *Pelko v. Perales*, No. 2:23-CV-00339, 2024 WL 1972896, at *1 (S.D. Tex. May 3, 2024) (Ramos, J.). Objections that merely re-urge arguments contained in the original briefing are not proper and will not be considered. *Edmond v. Collins*, 8 F.3d 290, 293 n.7 (5th Cir. 1993). Moreover, "[f]rivolous, conclusive or general objections need not be considered by the district court." *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982) (en banc) (*overruled on other grounds by Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1416 (5th Cir. 1996) (en banc)) (*superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1)).

As to any portion for which no objection is filed, a district court reviews for clearly

erroneous factual findings and conclusions of law. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989) (per curiam).

Plaintiff's objections largely recount arguments considered by Magistrate Judge Libby. *See* (D.E. 14, p. 2–8); (D.E. 11, p. 2–8). However, Plaintiff does specifically object to the M&R's application of *Heck v. Humphrey*. *Id.* at 6. The M&R recommends dismissal of Plaintiff's claims under *Heck v. Humphrey*, 512 U.S. 477 (1994). (D.E. 11, p. 6). The M&R explained that because Plaintiff seeks money damages relating to his 2022 Nueces County conviction, *Heck* bars those claims until a court "has reversed or otherwise invalidated" that conviction. *Id.* at 5 (citing *Heck*, 512 U.S. at 587). Because no court has done so, the M&R recommends the Court find that *Heck* bars Plaintiff's claims. *Id.* at 5–6. Plaintiff objects to this conclusion on the grounds that his claims have "nothing to do with challenging his current single Count #1 of intoxication manslaughter[.]" (D.E. 14, p. 6). Rather, Plaintiff argues that he is asserting civil rights violations relating to "being indicted and convicted/sentenced to the Count #2 manslaughter charge . . . befor[e] it was dismissed." *Id.* Even assuming Plaintiff is correct that he was convicted of this count, and it was then later dismissed, he still cannot avoid *Heck*'s bar because the fact that the count was dismissed does not prove that a court has reversed or otherwise invalidated that conviction. *See Heck*, 512 U.S. at 486–87 (explaining that sentence must be invalidated by court in order to proceed with 42 U.S.C. § 1983 claim). Accordingly, the Court **OVERRULES** Plaintiff's objection. (D.E. 14, p. 6).

Even if the Court were to sustain Plaintiff's objection, the objection does not dispute the M&R's alternative grounds for dismissal. (D.E. 11, p. 6–7). The M&R alternatively recommended dismissal of Plaintiff's claims under the doctrine of judicial immunity and for failure to state a claim. *Id.* Those grounds for dismissal persist whether or not *Heck* properly applies to bar Plaintiff's claims.

Having reviewed the proposed findings and conclusions of the M&R, the record, the applicable law, and having made a de novo review of the portions of the M&R to which Plaintiff's objections are directed, 28 U.S.C. § 636(b)(1)(C), the Court **OVERRULES** Plaintiff's objections, (D.E. 14), and **ADOPTS** the findings and conclusions of the M&R, (D.E. 11). Accordingly, the Court **DISMISSES** Plaintiff's claims **with prejudice**. (D.E. 1). The Court **ORDERS** the Clerk of Court to send notice of this dismissal to the Manager of the Three Strikes List for the Southern District of Texas at Three_Strikes@txs.uscourts.gov. The Court will enter a final judgment separately.

SO ORDERED.

_____
DAVID S. MORALES
UNITED STATES DISTRICT JUDGE

Signed: Corpus Christi, Texas
March 28th, 2025